Marcus Smith #03871-061

vs

J. Wadas (Warden)

2241 Petition Applying FSA time credits

**FILED**
**06/26/2024**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

2:24-cv-330-MPB-MG

The FSA of 2018 amended, 18 USC § 3582(c)(1)(a) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights. Therefore, if the defendant has exhausted his/her administrative rights, a district court must consider the motion on the merits.

Now, I Marcus M. Smith, Reg. No. 03871-061 come before the courts after fully exhausted my administrative rights (document #1), i will display many merits and solid facts as why the FSA credits i have earned should be awarded in a timely manner.

My petition to the Warden was denied for numerous reasons yet not valid according to Congress. Although the Bureau has the right to make rules to execute the will of Congress, it does NOT have the legal right to make rules that subvert the will of Congress. As noted by one commentator," The Act provides that time credits earned... by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. One of the reasons my petition to the Warden was denied

recividism must show goodfaith in trying to lower thier recividism (participates in recividism reduction programs or waiting list, or productive activities) so therefore FSA credits can be applied to thier prerelease custody or supervised release. Also, specifically stated by the warden (document #1) "you have a current conviction of violence, prior conviction of violence, and prior parole violation", yet to my knowledge one cannot have a current nor prior conviction of violence and be eligible to recieve FSA credits. My current charge is: Dist. of a Mixture Cont. 50 grams or more of Meth. which makes me eligible for FSA time credits. I have accrued 945 program days (document #2b), while 83 program days was disallowed (document #2c), resulting in 310 days of FTC towards release (document #2d) and counting. Now to clarify the misunderstanding i been having issues with, that i done repeatedly tried to address via admin. remedies. I was convicted of 922(g), 924(?) June 15, 2004 which will show once my BOP Register Number 03871-061 is enter into the BOP database. Which is the same Reg. Number i have with my current case so therefore when my BOP Register Number is enter all said charges associated with Reg. Number 03871-061 will appear current/prior. Which will explain the parole violation (document #1) the warden

section all the programs i have completed. And in the Current FSA Assignment section, it display the needs i need in lowering my recidivism (anger/hostility, antisocial, cognition, and also finance/poverty). However, i have and still is on the waiting list for: Anger Management, K2 Awareness, Occupational Education, ACT Work Keys, Basic Cognitive Skills, Family Program, and Non-Residential Drug Treatment Program, also i recently signed up to participate in Money Smart. "Staffing shortages and deficient training leave First Step Act floundering, federal prison employees say, Erik Ortiz, U.S. News, July 28, 2022. With that being said now the programs are based on earliest PRD date, so with my 2026 PRD date, im being hindered or withheld from enrolling in the programs i need to atleast attempt in lowering my recividism

~~I ask the court to apply the 310 FTC towards release (document #2d)~~

I ask the court to apply the <u>310</u> days of FTC Towards Release (document #2d) which i have earned successfully participating in recidivism reduction programs (document #4) or productive activities (document #3) while being in the BOP (document #2b)

Respectfully Submitted
Marcus M. Smith
#03871-061
FCI Terre Haute
